UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWIGHT BUSH,

                Petitioner,

-vs-                                           Case No.  8:05-cv-1996-T-17MAP

JAMES V. CROSBY,

                Respondent.
_____/

## **ORDER**

        This cause is before the Court on Petitioner Dwight Bush's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  Bush challenges his sentencing in case no. CRC 97-15543 CFANO-M.  The sentence was entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

        From the face of the Petition, it is clear that Petitioner has raised only state law sentencing issues which provide no basis for federal, constitutional habeas corpus relief. See Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (per curiam).  Petitioner does not allege that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981).  State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 113 S. Ct. 1423 (1993).

Petitioner Bush seeks to have this Court review the state court's failure to adhere to its sentencing procedures. Federal courts cannot review a state's failure to adhere to its own sentencing procedures, even if Petitioner sets out his claims as ones of equal protection or due process. Branan v. Booth, 861 F.2d at 1508.

Accordingly, the Court orders:

That Petitioner's petition is dismissed. The Clerk is directed to enter judgment against Petitioner Bush and to close this case.

ORDERED in Tampa, Florida, on October 31, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Dwight Bush